UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
VLADIMIR DAVID,

                                        Plaintiff,          **COMPLAINT**

-against-                                        CV **12-5257**

                                                 **Jury Trial Demanded**
CITY OF NEW YORK, POLICE OFFICER RICHARD          ECF Case
ALTAMIRANO, Individually and in His Official Capacity;
and JOHN DOE, Individually and in His Official Capacity    GLASSER, J.
(member of the New York City Police Department whose
name is presently unknown to Plaintiff),

                                        Defendants.         MANN, M.J.
-------------------------------------------------------------------------X

        The plaintiff, complaining of the defendants, by his attorney, H. Benjamin Perez, Esq. of

Perez and Cedeno, P.C., respectfully shows to the Court and alleges:

## JURISDICITION AND VENUE

1.  Jurisdiction is founded upon the existence of a Federal Question.

2.  This is an action to redress the deprivation under color of statute, ordinance, regulation,

    custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth

    and Fourteenth Amendments to the Constitution of the United States pursuant to 42

    U.S.C. § 1983 as well as pursuant to the laws of the State of New York.

3.  Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4.  Venue is appropriate pursuant to U.S.C. section 1391(b)(1).

5.  That this Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C.

    Section 1367.

## NATURE OF ACTION

6.  Plaintiff brings this action for compensatory damages, punitive damages, an attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §1988 for violation of his civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the Constitution of the United States. Plaintiff also asserts supplemental claims under New York law.

## JURY DEMAND

7.  Plaintiff respectfully demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8.  That the plaintiff, VLADIMIR DAVID, is a 21 year-old resident of the County of Queens in the City of New York and State of New York, and he is an African-American male.

9.  Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK ("NYC"), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York. NYC maintains and operates the New York City Police Department ("NYPD"), which acts as its agent in the area of law enforcement and for which it is ultimately responsible. NYC assumes the risk incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

10. Defendant POLICE OFFICER RICHARD ALTAMIRANO (Shield # 939866) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD acting for, upon, and in furtherance of the business of his employer and within the scope of his employment. Defendant Altamirano is being sued in his individual and official capacities.

2

11.   All John Doe defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendant is being sued in his individual and official capacities.

12.   The NYPD, is a local government agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

13.   At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

14.   Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actor acting under the color of law.

## STATEMENT OF FACTS

15.   On Saturday, September 3, 2011, at approximately 2:00 P.M., the plaintiff was near 51-60 Marathon Parkway, Queens County, New York, watching several friends play handball at a handball court inside a public park.

16.   At approximately 2:30 P.M., Police Officer Richard Altamirano and his unknown partner, (hereinafter Police Officer John Doe) approached the plaintiff and his friends, and without just cause or any reasonable suspicion that a crime was being committed, began searching through plaintiff's and his friends' belongings that were sitting up

3

against the fence next to the court. Plaintiff offered no resistance of any kind and at no time did plaintiff behave unlawfully in any way.

17. Officer Altamirano then began questioning the plaintiff and his friends regarding whether or not any of them were in possession of any illegal drugs or other illegal items.

18. The plaintiff allowed the officers to conduct their unwarranted search without any resistance, even after he and the others present informed the officers that they were not in possession of any illegal items.

19. Upon finding nothing, Officer Altamirano and his partner, defendant John Doe, picked up a Snapple bottle that one of the plaintiff's friends had been drinking and threw it in the garbage can.

20. The officers then got back into their patrol vehicle, circled the park, and proceeded to reposition their vehicle perpendicular to where the plaintiff and his friends continued their handball game.

21. Several minutes later, and for no justifiable reason, the defendant officers drove their police vehicle straight to the handball court.

22. Immediately upon exiting his patrol vehicle, Officer Altamirano told one of plaintiff's friend's that he was under arrest for disorderly conduct, supposedly for yelling and screaming in the park in the middle of the afternoon. Officer Altamirano then told the plaintiff that he was also under arrest, supposedly for obstruction of governmental administration. Plaintiff offered no resistance, and neither did any of plaintiff's friends who were present during the incident. No weapons, drugs, or contraband of any kind were found on plaintiff. When plaintiff asked Officer Altamirano why he was being arrested Officer Altamirano stated "I took you because your friend is being an asshole."

4

23.   Plaintiff was taken to the local precinct for processing and was charged with the crimes of Resisting Arrest under PL §205.30, and Obstruction of Governmental Administration under PL §195.05.

24.   According to the complaint sworn to by Police Officer Richard Altamirano, plaintiff was attempted to prevent the officer from handcuffing his friend, Kristopher Lim, and refused obey several orders to step away and let the officer make his arrest. Defendant Officer Altamirano further alleged that plaintiff resisted arrest by flailing his arms to avoid being handcuffed. The sworn allegations by defendant Officer Altamirano were completely false.

25.   Eventually, on Sunday, September 4, 2011, plaintiff was arraigned after spending over 24 hours in jail. His case was immediately adjourned in contemplation of dismissal. On or about March 4, 2012, the criminal charges against plaintiff were dismissed in their entirety.

26.   As a result of the foregoing, plaintiff sustained, *inter alia*, mental injuries, emotional distress, embarrassment, humiliation, deprivation of his liberty, and violation of his constitutional rights.

27.   On or about December 1, 2011, a notice of claim was served on the New York City Police Department and the Comptroller of the City of New York on behalf of plaintiff, and that as of this date plaintiff's demand for payment has not yet been addressed by the defendants.

28.   That more than thirty days have elapsed since the service of the aforementioned notices of claims for the plaintiff and that adjustment or payment thereof has been neglected or refused.

5

29.   That the state claim in this cause of action is commenced within one year and ninety days of when this cause of action arose as to plaintiff and that the federal claims are brought in a timely manner within three years of the date they accrued.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
**VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO**
**42 U.S.C. § 1983 AND THE FOURTH AMENDMENT**
**FALSE ARREST**

30.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

31.   That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was subject to being falsely arrested by the defendants.

32.   That the defendant confined the plaintiff, in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff was conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

33.   As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiff's right to be free from arrest without probable cause.

34.   That the said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of any crime.

35.    That the defendants who knew of the false arrest and allowed the illegal detention of the plaintiff to commence and continue, are liable to the plaintiff via their failure to act pursuant to their affirmative duty to intervene.

36.    That by reason of the false arrest, the plaintiff was subjected to great indignities, humiliation, anxiety, and he was subjected to numerous other harms.

37.    That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS, and he is entitled to an award of punitive damages, and that an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
## MALICIOUS PROSECUTION

38.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

39.    That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, in that the plaintiff was maliciously prosecuted by the defendants.

40.    That the said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff, the proceedings ultimately terminated in favor of the plaintiff via a dismissal of all the false charges and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

7

41.   That by reason of the unlawful malicious prosecution, the plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, and he was subjected to numerous other harms.

42.   That defendants Unidentified New York City Police Officers who are supervisors within the defendant NYC's Police Department, who knew of the malicious prosecution and who continued to allow and/or participate in the prosecution of the plaintiff and who either directly participated in the violation of plaintiff's rights or who after learning of the violation failed to remedy the wrong are liable to the plaintiff for the violation of his rights pursuant to the Fourth Amendment.

43.   That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS, and he is entitled to an award of punitive damages, and that an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
## THE LAW OF THE STATE OF NEW YORK VIA A
## MALICIOUS PROSEUCTION

44.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

45.   That plaintiff's rights have been violated, pursuant to the law of the State of New York via a malicious prosecution by the defendants.

46.   That the defendant NYC is vicariously liable to the plaintiff for the individual defendants' common law torts via the principle of *respondeat superior.*

47.   That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

8

48.     That the said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff, the proceedings ultimately terminated in favor of the plaintiff via a dismissal and in that the action was commenced and continued intentionally, with malice and with deliberate indifference to plaintiff's rights.

49.     That by reason of the unlawful malicious prosecution, the plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, was subjected to numerous other harms.

50.     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS.

**AS AND FOR A FOURTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOALTION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
VIA EXCESSIVE AND UNREASONABLE FORCE
AND UNREASONABLE TERMS OF HIS CONFINEMENT**

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

52.     That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force by the defendants, as well as to unreasonable terms and conditions of his confinement by the defendants.

53. That the said behavior was effected by the defendants without authority of law and without any reasonable necessity to use any force and that the force employed was used without legal justification, without plaintiff's consent, with malice and with intent to inflict pain and suffering.

54. As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States constitution being more particularly plaintiff's right to be free from the use of excessive and unreasonable force and unreasonable terms and conditions of his confinement.

55. That by reason of the violations of his Constitutional rights the plaintiff was harmed physically as he suffered marks on his wrists and he was harmed emotionally suffering humiliation, embarrassment, anxiety, and he was subjected to various emotional harms, and that he was otherwise harmed.

56. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS, and he is entitled to an award of punitive damages, and that an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

    **WHEREFORE,** plaintiff demands the following relief jointly and severably against all the defendants:

    a. Compensatory damages in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS;

    b. Punitive damages in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS

    c. Reasonable attorneys' fees and costs of this litigation; and

d. Such other relief as this Court deems just and proper.

DATED: NEW YORK, NEW YORK
      September 22, 2012

Respectfully submitted,

H. Benjamin Perez, Esq.
PEREZ & CEDENO, P.C.
*Attorneys for Plaintiff* VLADIMIR DAVID
350 Broadway, Suite 400
New York, NY 10013
Tel.: (212) 226-8426
Fax: (212)226-8496
hbperez@perezandcedeno.com

11